# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF EASTERN MICHIGAN

ESTATE OF LANCE WYNN,

    Applicant,

v.

JAIME M. WESTENBARGER
(CRD# 4625703).

    Respondent.
_____/

Case No.

FINRA Case No. 21-00797

Hon.

Daniel J. Broxup (P72868)
Mika Meyers PLC
Counsel for Applicant
900 Monroe Avenue, NW
Grand Rapids, MI 49503
(616) 632-8000
dbroxup@mikameyers.com
_____/

## APPLICATION TO CONFIRM ARBITRATION AWARD

During the approximately 10 years leading up to his death in 2019, Lance Wynn was a customer of now-barred stockbroker Jaime Westenbarger.

On July 21, 2020, Applicant initiated Arbitration Case No. 20-02305 against Respondent Westenbarger and others in the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution to recover damages arising out of Mr. Westenbarger's misappropriation of funds belonging to Mr. Wynn. A copy of the operative "Statement of Claim" from Case No. 20-02305, which is captioned as "Claimant's Third Amended Statement of Claim," is attached hereto as **Exhibit A.**

Respondent Westenbarger failed to file an Answer or any pleadings in Case No. 20-02305. Accordingly, on March 5, 2021, Applicant filed a notice with FINRA to convert the proceedings against Respondent Westenbarger to default proceedings under FINRA Rule 12801. (**Exhibit B**, Notice). The default proceedings were assigned FINRA Case No. 21-00797.

On May 14, 2021, Applicant received a FINRA Arbitration Award against Respondent Westenbarger in Case No. 21-00797 in the amount of $467,896.70. (**Exhibit C**, Award).

The Court is authorized to confirm the May 14, 2021 arbitration award and enter a money judgment in favor of Applicant and against Respondent Westenbarger under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, specifically Section 9 of the FAA, because Respondent Westenbarger agreed to arbitrate his dispute with Applicant when he signed Form U4s with the broker dealers through which he was

registered during the relevant time period. (**Exhibit D**, Forms U4); (**Exhibit E**, FINRA Rule 2263) ("the Form U4 contains a predispute arbitration clause. It is in item 5 of Section 15A of the Form U4. You should read that clause now. Before signing the Form U4, you should understand the following: (1) You are agreeing to arbitrate any dispute, claim or controversy that may arise *between you and* your firm, or *a customer*, or any other person that is required to be arbitrated under the rules of the self-regulatory organizations with which you are registering.") (emphasis added); (**Exhibit F**, FINRA Rule 12200) ("Parties must arbitrate a dispute under the Code if: Arbitration under the Code is either: (1) Required by a written agreement, or (2) Requested by the customer; The dispute is between *a customer* and a member or *associated person of a member*; and The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.") (emphasis added); *see also UBS Financial Services, Inc. v. West Virginia University Hospitals, Inc.*, 660 F.3d 643, 649 (2d Cir. 2011) (Referring to FINRA's rules on arbitration, the court held, "With respect to these provisions, the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.") (internal quotation marks omitted); *Kidder Peabody & Co. v. Zinsmeyer Trusts Partnership*, 41 F.3d 861, 863 (2d Cir. 1994) (holding that under the rules of the NASD – the predecessor to FINRA -- the duty to submit to arbitration upon a customer's demand "constitutes

an 'agreement in writing' under the Federal Arbitration Act, 9 U.S.C. § 2."); *CRT Capital Group v. SLS Capital, S.A.*, 63 F. Supp. 3d 367, 372 (S.D.N.Y. 2014) ("*Kidder* and *West Virginia University Hospitals* made clear that membership in an exchange that requires arbitration constitutes an 'agreement in writing' to arbitrate under 9 U.S.C. § 2.").

Based on the foregoing, and pursuant to Section 9 of the FAA, Applicant hereby moves the Court to (1) confirm the May 14, 2021 arbitration award in favor of Applicant and against Respondent Jaime M. Westenbarger, and (2) enter a money judgment in favor of Applicant and against Respondent Westenbarger in the amount of $467,896.70. A proposed judgment is attached as **Exhibit G**. This is a time sensitive matter as other creditors are pursuing Mr. Westenbarger. Accordingly, Applicant requests the first available hearing date.

                                                Respectfully submitted,
                                                MIKA MEYERS, PLC
                                                Attorneys for Applicant

Dated: June 7, 2021                        /s/Daniel J. Broxup
                                                Daniel J. Broxup (P72868)
                                                900 Monroe Avenue, N.W.
                                                Grand Rapids, MI 49503

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF EASTERN MICHIGAN

ESTATE OF LANCE WYNN,

    Applicant,

v.

JAIME M. WESTENBARGER
(CRD# 4625703).

    Respondent.
_____/

Case No.

FINRA Case No. 21-00797

Hon.

Daniel J. Broxup (P72868)
Mika Meyers PLC
Counsel for Applicant
900 Monroe Avenue, NW
Grand Rapids, MI 49503
(616) 632-8000
dbroxup@mikameyers.com
_____/

**ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT**

2

Pursuant to Section 9 the Federal Arbitration Act, 9 U.S.C. § 9, the Court hereby confirms the May 14, 2021 arbitration award in favor of Applicant and against Respondent Jaime M. Westenbarger in Financial Industry Regulatory Authority Arbitration Case No. 21-00797, and hereby enters judgment against Respondent in the amount of $467,896.70. Interest shall accrue on the judgment amount at the federal statutory post-judgment rate.

**IT IS SO ORDERED.**

Dated: _____, 2021

_____
Hon.
U.S. District Judge